**CARFAX, INC., Plaintiff,**

v.

**RED MOUNTAIN TECHNOLOGIES, LLC; Bristol West Holdings, Inc.; Bristol West Insurance Company, Inc.; and Bristol West Casualty Insurance Company, Inc., Defendants.**

**Case No. 1:14–cv–01590–GBL–IDD.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Signed June 5, 2015.

Ahmed Jamal Davis, Fish & Richardson PC, Washington, DC, for Plaintiff.

C. Matthew Haynes, Laurin Howard Mills, Ryan Christopher Day, LeClairRyan PC, Alexandria, VA, for Defendants.

### ORDER

GERALD BRUCE LEE, District Judge.

THIS MATTER is before the Court on Plaintiff Carfax, Inc.'s Motion for Leave to File First Amended Complaint (Doc. 92). This case arises from Plaintiff Carfax, Inc. ("Carfax")'s, complaint for patent infringement pursuant to 35 U.S.C. § 271, tortious

interference under Virginia law, and declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. (Compl. ¶¶ 13.). On March 30, 2015 this Court issued a Memorandum Opinion and Order granting Defendants Bristol West and Red Mountain's Motions to Dismiss Counts I & II with respect to the patent eligibility of Carfax's patents but denying Defendants Motion to Dismiss Count IV—Carfax's declaratory judgment claim. The Court also granted Defendant Red Mountain's Motion to Dismiss Count III—Carfax's state tortious interference claim, but granted Carfax leave to amend.[1] Carfax asserts two claims in its Amended Complaint, the surviving claim from the original Complaint for declaratory judgment of non-infringement (Count IV) and a claim for declaratory judgment of invalidity (Count V).

The issue before the Court is whether the Court has subject-matter jurisdiction over Plaintiff Carfax's two count Amended Complaint, where Defendant Red Mountain has provided both Carfax and Progressive with broad irrevocable and unconditional covenants not to sue.

In its March 30, 2015 Order, the Court found that Carfax had standing to bring its declaratory judgment of non-infringement claim based on "(1) Plaintiff's current relationship with Progressive as a(n) supplier/indemnitor, (2) the reality that Progressive is potentially currently performing the alleged patent infringement, and (3) the immediacy of the roll-out of Progressive's system using Carfax's vehicle history data." (Doc. 88, p. 23). In other words, Carfax's ability to bring its declaratory judgment claim for non-infringement against Red Mountain was based primarily

---

1. In its Amended Complaint attached to the current motion, Carfax does not include a claim of tortious interference.

on the fact that Carfax, as a supplier/indemnitor of Progressive, would have been liable for any infringement by Progressive of Red Mountain's patents. Red Mountain now argues that Carfax's Motion for Leave to File First Amended Complaint should be denied because Red Mountain has provided Progressive with a covenant not to sue which eliminates subject-matter jurisdiction.[2] In its reply brief, Carfax argues that the covenant not to sue issued to Progressive only eliminated subject-matter jurisdiction if Progressive itself is the declaratory judgment plaintiff—not here where Progressive is a third party to the suit and Carfax is the declaratory judgment plaintiff. Further, Carfax asserts that the covenant not to sue is insufficient to divest the Court of subject-matter jurisdiction because Carfax continues to be exposed to potential liability for the activities of its other customers. In its sur-reply, Red Mountain argues that it has addressed Carfax's concerns because it subsequently provided Carfax itself with a covenant not to sue and that therefore the Court clearly lacks subject-matter jurisdiction over the remaining claims.

At oral argument Carfax asserted that the covenant not to sue is deficient because it does not cover Red Mountain's pending patent applications, Carfax's future customers, or its parent company. In support of its position Plaintiff cites *Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340 (Fed. Cir.2005), where the United States Court of Appeals for the Federal Circuit held that a covenant not to sue offered by the patentee after a jury verdict of non-infringement did not divest the court of subject-matter jurisdiction over a declaratory judgment counterclaim for unenforceability. *Id.* at 1348–49. However, *Fort James* is a narrow exception to the general rule that a covenant not to sue divests the court of subject-matter jurisdiction. *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1347 (Fed.Cir.2007)(holding promise not to sue extinguished jurisdiction because "no trial of the infringement issue has taken place," despite fact that patentee had already voluntarily withdrawn its infringement complaint at time of promise). Here, like in *Benitec*, no trial of the infringement issues has taken place and this case does not present any unique procedural posture akin to *Fort James*.

Carfax's arguments as to Red Mountain's pending patent applications, the inclusion of Carfax's future customers, or its parent company are similarly unpersuasive. Particularly, Carfax's argument that its parent company should be included in the covenant is foreclosed by *Dow Jones & Co., Inc. v. Ablaise Ltd.*, 606 F.3d 1338 (Fed.Cir.2010) (holding that the covenant not to sue proffered by Ablaise, which did not included Dow Jones' parent corporation News Corporation, which is a legally distinct entity, was sufficient to extinguish the controversy between Ablaise and Dow Jones and divest the district court of its Article III jurisdiction). Additionally, Red Mountain cannot be expected to provide Carfax with a convenant not to sue as to patents that have not yet published or been issued, or include customers not yet known. Accordingly, the Court finds that the broad covenants not to sue provided by Red Mountain to both Progressive and Carfax divests the Court of subject-matter jurisdiction. For the reasons set forth above, it is hereby

**2.** Defendant Red Mountain had only provided Carfax with a covenant not to sue as to Progressive prior to Carfax filing its reply brief in further support of its Motion for Leave to File First Amended Complaint. Subsequently, Red Mountain provided Carfax itself with a covenant not to sue.

**ORDERED** that Plaintiff Carfax, Inc.'s Motion for Leave to File First Amended Complaint (Doc. 92) is **DENIED**; it is further

**ORDERED** that all pending claims in this case are hereby **DISMISSED** for lack of subject-matter jurisdiction; and it is further

**ORDERED** that the Clerk of Court close this matter.

**IT IS SO ORDERED.**